B15-02885

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 14-32066 |
| | ) | CHAPTER 13 |
| Robert Gene Humphrey ) | | |
| Debtor | ) | |
| | ) | |
| | ) | JUDGE Alan C. Stout |
| | ) | |
| | )**(3928 Southern Parkway, Louisville, KY ) 40214 )** | |
| | )**(4218 Taylor Blvd, Louisville, KY 40215)** | |

**AGREED ORDER FOR RELIEF FROM STAY**

This matter came to be considered on the Motion for Relief from Stay (the "Motion") filed by Creditor, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust.

Creditor has alleged that good cause exists for granting the Motion and that Debtors, counsel for Debtors, the Chapter 13 Trustee, and all other necessary parties were served with this Motion and with notice of the hearing date for this Motion; and

The parties have entered into an agreement resolving the Motion.

**IT IS THEREFORE, ORDERED:**

1.  The Debtors shall maintain regular monthly post-petition payments directly to Creditor outside the Chapter 13 Plan beginning with a payment on March 18, 2016. Failure by Debtors to make the regular monthly mortgage payment to the Creditor within 30 days of the date due shall constitute a default. **The terms and conditions of the note and mortgage remain unaffected by this Agreed Order.**

2.  The Debtors presently owe Movant $8,031.64 for monthly payments, late charges and attorney costs. This total consists of $676.00, which represents the attorney fees of $500.00 and filing fee of $176.00 associated with the filing of the Motion for Relief plus the post petition

arrearage of $7,355.64 (6 payments @ $1,225.94, September 18, 2015 through February 18, 2016). Debtors will submit a payment in the amount of $3,677.82 directly to Creditor by March 2, 2016. Counsel for Creditor shall file a supplemental proof of claim for the remainder of the arrearage in the amount of $4,353.82. **The parties are in agreement that the Debtors should only pay and the Creditor should only receive what is actually owed, no more and no less. If it is discovered that certain payments or advances were not properly credited or accounted for, then the parties agree that the Agreed Order shall be modified to accurately reflect the status of the account. The parties do not believe that this supplemental claim will cause the plan to extend beyond 60 months.  However, should this prove not to be the case then Debtor agrees to modify the plan within 30 days of entry of this Order to place the case into compliance with 11 U.S.C. Section 1322(d).**

      3.      Should Debtors convert to another chapter under the bankruptcy code during the life of this Agreed Order, then, Creditor's counsel shall send written notice to Debtors' counsel advising that the entire contractual arrearage is due within 10 days of the date of the letter.  If the entire arrearage is not tendered within that 10-day period, then such failure shall constitute a default.  **Debtors' opportunity to cure a default shall be limited to 3 occurrences.**

      4.      Upon the existence of a default, Creditor's counsel may send Debtors and counsel for Debtors a 10-day notice of Creditor's intent to file an affidavit and proposed order granting relief from stay.

      5.      If the default is not cured within that 10-day period, then upon the filing of an affidavit by Creditor attesting to the default by the Debtors, an order shall be entered without further hearing, terminating the stay by section 362(a) of the Bankruptcy Code with respect to Creditor, it successors and assigns.

**6.      Debtors shall stay current on their post-petition property taxes and property insurance.  Should Debtors become delinquent on the post-petition property taxes or fail to maintain insurance on the property, resulting in Creditor advancing funds for post-petition taxes that have become delinquent or a lapse in insurance coverage, then a default of this order shall exist, and Creditor shall have the same rights upon default as described in paragraphs 4 and 5.**

7.      Counsel for Debtors' fees in the amount of $200.00 shall be paid inside the Plan as an administrative expense.

Pursuant to Local Rule 9022-1(c), Andrew A. Paisley, shall cause a copy of this order to be serviced on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a Certificate of Service of the Order upon such parties within ten (10) days hereof.

SUBMITTED AND APPROVED BY:

 **/S/ Andrew A. Paisley**
Andrew A. Paisley
Clunk, Paisley and Associates PSC
Attorney for Creditor
4500 Courthouse Blvd, Ste 400
Stow, OH 44224
(330) 436-0300
(330) 436-0301 facsimile
Email:  *bknotice@johndclunk.com*

**/s/ Jan C. Morris**
R. Gary Lowen
Jan C. Morris
125 South 6th Street, #300
Louisville, Kentucky 40202
(502) 587-7000

**Distribution list:**

Robert Gene Humphrey
4214 Taylor Blvd #1
Louisville, KY 40215

Jan C. Morris
Lowen & Morris
3rd Floor
125 S. 6th Street
Suite 300
Louisville, KY 40202

William W. Lawrence
310 Republic Plaza
200 S. Seventh Street
Louisville, KY 40202

Charles R. Merrill
Asst. U.S. Trustee
601 West Broadway #512
Louisville, KY 40202